UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH CAHILL, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> FRANCISCAN HEALTH SYSTEM, a Washington non-profit corporation, <br><br> Defendant. | No. <br><br> **DEFENDANT'S NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant Franciscan Health System ("defendant"), hereby removes this action from the Superior Court, County of Pierce, where it is currently pending, to the United States District Court for the Western District of Washington at Tacoma. As addressed below, federal question jurisdiction exists in this action. *See* 28 U.S.C. § 1331. In support of this removal, defendant states as follows.

## INTRODUCTION

1. Plaintiff commenced this action on or about July 25, 2012, by filing a complaint against defendant in the Superior Court, County of Pierce, bearing cause No. 12-2-11266-1. On August 23, 2012, defendant was served with the complaint. Copies of all pleadings, processes and orders in the state court are attached hereto as **Exhibit A.**

DEFENDANT'S NOTICE OF REMOVAL - Page 1

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511 F: (206) 622-8986

2. In her complaint, plaintiff alleges that defendant denied her application for medical staff privileges based on a disability, an asserted violation of the federal Rehabilitation Act, 29 U.S.C. § 794(a); Title III of the Federal Americans with Disability Act (ADA), 42 U.S.C. § 12181, *et seq.*; the Washington Law Against Discrimination (WLAD); RCW 49.60 *et seq.*; and Washington's Consumer Protection Act (CPA), RCW 19.86 *et seq.* Plaintiff also asserts that the alleged denial of her application constitutes the tort of interference with business expectancy.

3. As set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action pursuant to § 1331, and because defendant has satisfied the procedural requirements for removal.

**GROUNDS FOR REMOVAL**

**A.  This Court has Jurisdiction over each of the Claims in this Case Pursuant to Federal Question and Supplemental Jurisdiction.**

4. Pursuant to federal question jurisdiction, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. In addition, pursuant to supplemental jurisdiction:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have subject matter jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

5. Federal question jurisdiction has been clearly invoked in this case. In her complaint, plaintiff alleges disability discrimination pursuant to two federal anti-discrimination statutes: the Federal Rehabilitation Act, 29 U.S.C. § 794(a); and the ADA, 42 U.S.C. § 12181, *et seq.* Plaintiff's claims under these statutes give rise to the original jurisdiction of this Court. 28 U.S.C. § 1331.

6. In addition, this Court has supplemental jurisdiction over plaintiff's remaining state law claims. Each of these claims - under the WLAD and Washington's CPA, and for

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

tortious interference with business expectancy - arise out of the same factual allegations that give rise to plaintiff's asserted federal claims. As such, the state law claims are a part of the same case or controversy as are the federal claims, and this Court has supplemental jurisdiction over each of them. *See* 28 U.S.C. § 1367(a); *Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 387, 118 S. Ct. 2047 (1998) (Holding that, in cases involving both federal and state law claims, state law claims fall within the supplemental jurisdiction of the federal courts).

7. Because this Court has original jurisdiction of this action, removal is proper under 28 U.S. § 1441(a) (Stating that "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court...").

**B. The Other Prerequisites for Removal have been satisfied.**

8. In addition to satisfying the requirements of federal question jurisdiction, defendant has satisfied all procedural requirements for removal.

9. Removal is timely because less than 30 days have passed since service of the Summons and Complaint on Defendant on August 23, 2012. (*See* Return of Service, included in **Exhibit A**); 28 U.S.C. § 1446(b).[1]

11. Venue for removal is proper in this district and division pursuant to 28 U.S.C. § 128(b) and 28 § 1441(a) because this district and division embrace the Superior Court of Washington, County of Pierce, the forum in which the removed action is currently pending.

12. In accordance with 28 U.S.C. § 1446(d), defendant will promptly provide notice of the filing of this Notice of Removal to the plaintiff and shall file a copy of this Notice along with a Notice of Filing of Notice of Removal with the Clerk of the Superior

---

[1] In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders in the state court action is attached hereto collectively as **Exhibit A**.

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

Court of Washington, County of Pierce, where this action is currently pending (attached hereto as **Exhibit B**).

WHEREFORE, defendant gives notice that the matter bearing Civil No. 12-2-11266-1 in the Superior Court of Washington, County of Pierce, is removed to the United States District Court for the Western District of Washington at Tacoma, and requests that this Court retain jurisdiction for all further proceedings in this matter.

DATED this __14__ day of September, 2012.

BENNETT BIGELOW & LEEDOM, P.S.

By _____
Bruce Megard, WSBA #27560
Michael Madden, WSBA #8747
Attorneys for Defendant
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Ave, Ste 1900
Seattle, WA 98101
Telephone (206) 622-5511
Fax: (206) 622-8986
Email:   mmadden@bbllaw.com
         bmegard@bbllaw.com

DEFENDANT'S NOTICE OF REMOVAL - Page 4

LAW OFFICES
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, Washington 98101
T: (206) 622-5511  F: (206) 622-8986

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington, that she is now, and at all times material hereto, a citizen of the United States, a resident of the State of Washington, over the age of 18 years, not a party to, nor interested in the above entitled action, and competent to be a witness herein.

I caused to be served this date the foregoing in the manner indicated to the parties listed below:

| | |
|---|---|
| Kenneth S. Kagan, WSBA #12983<br>Elizabeth K. Maurer, WSBA #21973<br>Carney Badley Spellman<br>701 Fifth Avenue, Suite 3600<br>Seattle, WA 98104-7010 | ☒ Legal Messenger<br>☐ Facsimile<br>☐ Email<br>☐ 1st Class Mail<br>☐ Federal Express |

Attorneys for Plaintiff

Dated in Seattle, Washington this __14th__ day of September, 2012.

_____
Lori J. Yniguez
Legal Assistant

{1680.00016/M0677161.DOCX; 1}

DEFENDANT'S NOTICE OF REMOVAL - Page 5