UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH CAHILL, M.D., | CASE NO. C12-5829 BHS |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT |
| v. | |
| FRANCISCAN HEALTH SYSTEM, a Washington non-profit corporation, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Deborah Cahill's ("Cahill") motion to file first amended complaint (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 25, 2012, Cahill filed a complaint in the Pierce County Superior Court for the State of Washington against Defendant Franciscan Health System ("FHS"). Dkt. 1, Exh. A. Cahill alleges disability discrimination, tortuous interference with a business

1    expectancy, and a violation of the Washington Consumer Protection Act, RCW Chapter

2    19.86.  *Id.*

3        On September 14, 2012, FHS removed the matter to this Court.  Dkt. 1.

4        On March 28, 2013, Cahill filed a motion to file first amended complaint (Dkt. 19)

5    and the proposed first amended complaint (*id.*, Exh. A ("FAC")).  Briefly, Cahill moves

6    to add a claim for breach of contract and breach of the covenant of good faith and fair

7    dealing.  Dkt. 19.  Cahill alleges that, based on the particular application process

8    implemented by FHS, a contract was formed between the parties and FHS breached that

9    contract.  *See generally*, FAC.  On April 8, 2013, FHS responded.  Dkt. 20.  On April 12,

10   2013, Cahill replied.  Dkt. 21.

## II. DISCUSSION

12       The Court should freely grant leave to amend a pleading when justice so requires.

13   Fed. R. Civ. P. 15(a).  The Court, however, may deny leave to amend when such an

14   amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

15       In this case, FHS argues that Cahill's proposed amendments would be futile

16   because she fails to state a plausible claim for relief.  This argument is considered under

17   the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  On such a

18   motion, the Court must accept the material allegations in the complaint as true and

19   construe them in the light most favorable to the plaintiff.  *Ashcroft v. Iqbal*, 556 U.S. 662.

20   679 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual

21   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. at 662

22   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  The plaintiff must

1   provide "more than labels and conclusions, and a formulaic recitation of the elements of a

2   cause of action will not do." *Twombly*, 550 U.S. at 555.

3     Cahill seeks leave to amend to add a claim for breach of contract and breach of the

4   covenant of good faith and fair dealing.  Dkt. 19.  On what appears to be an issue of first

5   impression under Washington law, the Court finds that Cahill has alleged facts to state a

6   plausible claim for relief.  The parties have not cited, and the Court is unaware of, a case

7   in Washington where the court addressed the question of whether an application for

8   employment forms a contract between the applicant and the prospective employer.

9   Contrary to FHS's contention, this case is not about whether employee bylaws alone form

10  a contract between an applicant and employer.  The relevant question is whether the

11  promises FHS made regarding the evaluation of the application pursuant to the bylaws

12  rise to the level of an enforceable contract.  Therefore, the Court will consider the issue

13  under the standard principles of contract law.

14    In Washington, a valid and binding contract between parties requires mutual

15  assent, a proper and unrevoked offer, acceptance of that offer, and valuable consideration.

16  *Lager v. Berggren*, 187 Wn. 462, 466–67 (1936).  On the element of mutual assent,

17  Cahill alleges that she assented to apply for credentials at FHS and FHS accepted review

18  of her application on certain, explicit terms.  Dkt. 19-2 ("FAC"), ¶¶ 19, 20.   On the

19  element of a proper and unrevoked offer, Cahill alleges that FHS offered to review her

20  application on specific terms in exchange for a complete application and a non-

21  refundable application fee.  *Id*.; *see also id*., Exh. A (FHS Credentials Manual).  On the

22  element of acceptance, Cahill accepted FHS's offer by submitting her application and

1  non-refundable fee.  *Id.* ¶ 19.  On the element of consideration, FHS received a non-

2  refundable application fee.  Therefore, despite FHS's arguments to the contrary (Dkt. 20

3  at 4–5), Cahill has sufficiently alleged a valid contract to review her application under

4  certain, explicit standards.  The Court also notes that FHS's arguments are based on

5  showings of "objective evidence," which is an incorrect standard for the instant motion

6  because it is a higher threshold than the correct standard of plausible allegations.

7       Once a contract has been alleged, the next question is whether Cahill has asserted

8  factual allegations sufficient to support a claim for breach of that contract.  In

9  Washington, to prevail on a breach of contract claim, the plaintiff must show an

10  agreement between the parties, a party's duty under the agreement, and a breach of that

11  duty.  *Lehrer v. Dept. of Social & Health Servs.*, 101 Wn. App. 509, 516 (2000).  The

12  Court has found sufficient allegations to support an agreement.  On the element of duty,

13  Cahill alleges that FHS had a duty to review Cahill's application without regard to

14  disability.  *See* FAC ¶¶ 60, 61.  On the element of breach, Cahill alleges that FHS

15  rejected her application because of her disability.  *Id.*  Therefore, the Court finds that,

16  based on the allegations in the FAC, Cahill's breach of contract claim is not futile.

17       With regard to the other claim, Washington courts read an implied covenant of

18  good faith and fair dealing into a contract "when the contract gives one party

19  discretionary authority to determine a contract term."  *Goodyear Tire & Rubber Co. v.*

20  *Whiteman Tire, Inc.*, 86 Wn. App. 732, 738 (1997).  Cahill alleges that FHS had

21  discretionary authority to evaluate her application and did so in "bad faith" and denied it

22  for "arbitrary and discriminatory reasons . . . ."  *Id.* ¶ 64.  Therefore, the Court finds that

1   Cahill has sufficiently alleged a cause of action for breach of the duty of good faith and

2   fair dealing.

3                                      **III. ORDER**

4          Therefore, it is hereby **ORDERED** that Cahill's motion to file a first amended

5   complaint (Dkt. 19) is **GRANTED**.  Cahill shall promptly file the amended complaint as

6   a separate entry on the electronic docket.

7          Dated this 29th day of April, 2013.

8

9

10                                    BENJAMIN H. SETTLE
                                      United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 5