UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH CAHILL, M.D.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCAN HEALTH SYSTEM, a Washington non-profit corporation,<br><br>　　　　　　　Defendant. | CASE NO. C12-5829 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT |

This matter comes before the Court on Plaintiff Deborah Cahill's ("Cahill") motion to file first amended complaint (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 25, 2012, Cahill filed a complaint in the Pierce County Superior Court for the State of Washington against Defendant Franciscan Health System ("FHS"). Dkt. 1, Exh. A. Cahill alleges disability discrimination, tortuous interference with a business

ORDER - 1

expectancy, and a violation of the Washington Consumer Protection Act, RCW Chapter 19.86. *Id*.

On September 14, 2012, FHS removed the matter to this Court. Dkt. 1.

On March 28, 2013, Cahill filed a motion to file first amended complaint (Dkt. 19) and the proposed first amended complaint (*id*., Exh. A ("FAC")). Briefly, Cahill moves to add a claim for breach of contract and breach of the covenant of good faith and fair dealing. Dkt. 19. Cahill alleges that, based on the particular application process implemented by FHS, a contract was formed between the parties and FHS breached that contract. *See generally*, FAC. On April 8, 2013, FHS responded. Dkt. 20. On April 12, 2013, Cahill replied. Dkt. 21.

**II. DISCUSSION**

The Court should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a). The Court, however, may deny leave to amend when such an amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, FHS argues that Cahill's proposed amendments would be futile because she fails to state a plausible claim for relief. This argument is considered under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On such a motion, the Court must accept the material allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662. 679 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 662 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). The plaintiff must

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Cahill seeks leave to amend to add a claim for breach of contract and breach of the covenant of good faith and fair dealing. Dkt. 19. On what appears to be an issue of first impression under Washington law, the Court finds that Cahill has alleged facts to state a plausible claim for relief. The parties have not cited, and the Court is unaware of, a case in Washington where the court addressed the question of whether an application for employment forms a contract between the applicant and the prospective employer. Contrary to FHS's contention, this case is not about whether employee bylaws alone form a contract between an applicant and employer. The relevant question is whether the promises FHS made regarding the evaluation of the application pursuant to the bylaws rise to the level of an enforceable contract. Therefore, the Court will consider the issue under the standard principles of contract law.

In Washington, a valid and binding contract between parties requires mutual assent, a proper and unrevoked offer, acceptance of that offer, and valuable consideration. *Lager v. Berggren*, 187 Wn. 462, 466–67 (1936). On the element of mutual assent, Cahill alleges that she assented to apply for credentials at FHS and FHS accepted review of her application on certain, explicit terms. Dkt. 19-2 ("FAC"), ¶¶ 19, 20. On the element of a proper and unrevoked offer, Cahill alleges that FHS offered to review her application on specific terms in exchange for a complete application and a non-refundable application fee. *Id*.; *see also id*., Exh. A (FHS Credentials Manual). On the element of acceptance, Cahill accepted FHS's offer by submitting her application and

non-refundable fee. *Id*. ¶ 19. On the element of consideration, FHS received a non-refundable application fee. Therefore, despite FHS's arguments to the contrary (Dkt. 20 at 4–5), Cahill has sufficiently alleged a valid contract to review her application under certain, explicit standards. The Court also notes that FHS's arguments are based on showings of "objective evidence," which is an incorrect standard for the instant motion because it is a higher threshold than the correct standard of plausible allegations.

Once a contract has been alleged, the next question is whether Cahill has asserted factual allegations sufficient to support a claim for breach of that contract. In Washington, to prevail on a breach of contract claim, the plaintiff must show an agreement between the parties, a party's duty under the agreement, and a breach of that duty. *Lehrer v. Dept. of Social & Health Servs.*, 101 Wn. App. 509, 516 (2000). The Court has found sufficient allegations to support an agreement. On the element of duty, Cahill alleges that FHS had a duty to review Cahill's application without regard to disability. *See* FAC ¶¶ 60, 61. On the element of breach, Cahill alleges that FHS rejected her application because of her disability. *Id*. Therefore, the Court finds that, based on the allegations in the FAC, Cahill's breach of contract claim is not futile.

With regard to the other claim, Washington courts read an implied covenant of good faith and fair dealing into a contract "when the contract gives one party discretionary authority to determine a contract term." *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 738 (1997). Cahill alleges that FHS had discretionary authority to evaluate her application and did so in "bad faith" and denied it for "arbitrary and discriminatory reasons . . . ." *Id*. ¶ 64. Therefore, the Court finds that

1  Cahill has sufficiently alleged a cause of action for breach of the duty of good faith and

2  fair dealing.

3  **III. ORDER**

4  Therefore, it is hereby **ORDERED** that Cahill's motion to file a first amended

5  complaint (Dkt. 19) is **GRANTED**.  Cahill shall promptly file the amended complaint as

6  a separate entry on the electronic docket.

7  Dated this 29th day of April, 2013.

8

9

10  BENJAMIN H. SETTLE
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22