1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DEBORAH CAHILL, M.D.,

              Plaintiff,

     v.

FRANCISCAN HEALTH SYSTEM, a
Washington non-profit corporation,

              Defendant.

NO.  3:12-cv-5829-BHS

FIRST AMENDED COMPLAINT

For her cause of action against Franciscan Health System, Plaintiff Deborah Cahill, M.D. alleges as follows:

**PARTIES**

1.     Plaintiff, Deborah Cahill, M.D., ("Dr. Cahill") is an experienced, well respected Board Certified Obstetrician and Gynecologist who has enjoyed a rewarding and distinguished career devoted to caring for the health of women in her community, irrespective of their ability to pay. Over three years ago, Dr. Cahill voluntarily sought treatment with the Washington Physicians Health Program for treatment of alcoholism and has maintained continuous sobriety since enrollment. Dr. Cahill is a resident of King County, WA and a physician duly licensed under the laws of the State of Washington.

2.     Defendant Franciscan Health System (hereinafter "FHS") is a large hospital chain and health system organized as a tax-exempt non-profit under IRS Code 501(c)(3)  and is based in Tacoma, WA. Defendant FHS owns and operates five full-service hospitals including St. Joseph Medical Center, which is located in Tacoma, WA.

//

1

FIRST AMENDED COMPLAINT

#96281

## JURISDICTION AND VENUE

3. Dr. Cahill re-alleges all allegations set forth in paragraphs 1 through 2 above.

4. Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction and personal jurisdiction over Defendant FHS in this lawsuit.

5. Venue properly lies in the Western District of Washington.

## FACTS

6. Dr. Cahill is a physician, licensed to practice medicine in Washington since December 14, 1984, and Board Certified in the specialty of obstetrics/gynecology.

7. Defendant FHS is a non-profit IRS Code 501(c)(3) organization.

8. Defendant FHS owns and operates five full-service hospitals including St. Joseph Medical Center, which is located in Tacoma, WA. As a full-service hospital, St. Joseph Medical Center has an Obstetrics/Gynecology (OB/GYN) Department.

9. Defendant FHS and St. Joseph Medical Center receive federal funds.

10. Washington Physicians Health Program (hereinafter "WPHP") is a non-profit organization. It was founded by the Washington State Medical Association in 1986 to reach out to troubled colleagues. WPHP, which fulfills the role specified in RCW 18.130.175 for a "voluntary substance abuse monitoring program" acting under the authority of the Department of Health, helps identify, refer for evaluation or treatment, monitor the recovery, and endorse the safety of healthcare practitioners who have a condition, mental or physical, which could affect their ability to practice with reasonable skill and safety. WPHP, with its comprehensive curriculum and success rate for long term sobriety, has gained national recognition and widespread support.

11. In March, 2009, Dr. Cahill voluntarily, and without any patient care *sequelae*, sought treatment for alcoholism from WPHP with a five year commitment to ongoing monitoring as required by the wellness program.

12.     Dr. Cahill has been committed to her recovery, 100% sober and consistently compliant with the intense monitoring component of the WPHP ever since and in accordance with its strict written protocols, including, but not limited to, submission to random urine tests and regular attendance at WPHP-facilitated meetings. Dr. Cahill's written monitoring agreement with WPHP will terminate in July, 2014.

13.     After many years in private practice, Dr. Cahill decided to shift her career focus to the role of an OB/GYN Hospitalist to become part of a team that provides care to the uninsured population. To that end, in August of 2010, Dr. Cahill applied for a position with OB Hospitalist Group, a national physician group that specializes in caring for the obstetrical and gynecological needs of patients, to provide coverage for the OB/GYN hospitalist program at St. Joseph Medical Center.

14.     OB Hospitalist Group had contracted with Defendant FHS and/or St. Joseph Medical Center to provide Board Certified physicians in the specialty of obstetrics and gynecology to augment the staffing of St. Joseph Medical Center's OB/GYN Department.

15.     Dr Cahill accepted an offer of a position with OB Hospitalist Group and signed a contract with OB Hospitalist Group (OB Contract) to cover a minimum of two shifts per month in the OB/GYN Department of St. Joseph Medical Center.

16.     The OB Contract required Dr. Cahill to apply for and receive Medical Staff privileges from Defendant FHS.

17.     Dr. Cahill timely applied for staff privileges and supplied all of the requested information concerning her licensure, education, training, experience, current competence, health status, and malpractice history.  Dr. Cahill signed the required release and consent for Defendant FHS to verify her credentials. As part of Dr. Cahill's application, she was forthright and fully disclosed her monitoring agreement with WPHP without reservation.

18.     Defendant FHS knew that Dr. Cahill was applying for Medical Staff privileges pursuant to her OB Hospitalist Group Contract.

FIRST AMENDED COMPLAINT

#96281

19. Upon applying for Medical Staff privileges, Defendant FHS and Dr. Cahill entered into a contract that is memorialized in FHS' Credentials Manual of the Medical Staff Bylaws. (the "Contract") (Attached as Exhibit "A").

20. The Contract, which was written solely by Defendant FHS and was presented to Dr. Cahill on a "take it or leave it" basis, states that:

> Decisions regarding appointment and granting or denying Clinical Privileges are based on criteria that are directly related to quality of care, and are made on the basis of an applicant's credentials without regard to gender, race, creed, national origin, or any other criteria not related to professional or clinical competence.

(Contract, page 5, subsection C).

21. The Contract further provides that Defendant FHS' Regional Credentials Committee and/or the Chair will either recommend approval, denial, modification of the requested privileges, or require the physician to provide additional information once the application has been completed. (Contract, page 7, subsection F, sub-section 4, sub-sub-sections a-d).

22. A "completed" application is "one where all of the information is found acceptable to the Regional Credentials Committee. If the information is found to be unacceptable to the Regional Credentials Committee, the application is considered incomplete."

23. By letter dated October 25, 2010, Defendant FHS, with the approval of the Vice President of Medical Affairs and Associate Chief Medical Officer at St. Joseph Medical Center, informed Dr. Cahill that Defendant FHS "cannot complete your application for staff membership" and that Dr. Cahill "can consider reapplying" for Medical Staff privileges when Dr. Cahill's monitoring agreement with WPHP expires.

FIRST AMENDED COMPLAINT

24. In September and October 2011, Defendant FHS confirmed that it "did not complete the processing" of Dr. Cahill's application for medical staff privileges solely because Dr. Cahill had a monitoring agreement with WPHP evidencing that Dr. Cahill had sought treatment for alcoholism and was a recovering alcoholic.

25. At no time did Defendant FHS conduct any individualized assessment of Dr. Cahill's ability to practice medicine with reasonable skill and safety consistent with the standards of Defendant FHS and its bylaws.

26. Defendant FHS never made an effort to ascertain what modifications to the Hospitalist position or grant of Medical Staff privileges, if any, were plausible to accommodate Dr. Cahill's actual, record of, or perceived disability as a person suffering from alcoholism.

27. Defendant FHS based its decision to not complete the processing of Dr. Cahill's application for Medical Staff privileges on arbitrary and generalized fears about alcoholics. Defendant FHS's refusal to complete the processing of Dr. Cahill's application is tantamount to a denial of privileges.

28. FHA violated the Contract by evaluating Dr. Cahill's qualifications based upon matters not "directly related to quality of care" or "criteria not related to professional or clinical competence," *i.e.* her status as a recovering alcoholic. (Contract, page 5, subsection C).

29. FHA also violated the implied covenant of good faith and fair dealing that is part of all contracts in Washington State by electing to not "complete" Dr. Cahill's application for Medical Staff privileges in bad faith and for arbitrary and discriminatory reasons, *i.e.* stereotypes concerning alcoholics in general.

28. As a direct and proximate result of the discriminatory inaction of Defendant FHS, its breach of contract, and it breach of the implied covenant of good faith and fair

FIRST AMENDED COMPLAINT

#96281

dealing, Dr. Cahill could not fulfill her obligations or perform the requested services under the OB Hospitalist Group Contract.

30. The discriminatory inaction of Defendant FHS, the breach of contract, and the breach of the implied covenant of good faith and fair dealing also induced or caused a breach or termination of the OB Hospitalist Group Contract.

## FIRST CAUSE OF ACTION:

### Disability Discrimination Under RCW 49.60.030(1)(a)

31. Plaintiff Cahill re-alleges all allegations set forth above.

32. Plaintiff Cahill has a disability, a record of a disability, or has been regarded by Defendant FHS as having a disability covered by Washington's Law Against Discrimination.

33. By denying Plaintiff Cahill equal opportunity to complete her application for, or benefit from, Medical Staff privileges with Defendant FHS on the basis of her disability, Defendant FHS discriminated against Dr. Cahill in the performance of her OB Hospitalist Group Contract to provide services to Defendant FHS.

34. Plaintiff Cahill has sustained damages as a result of Defendant's unlawful conduct and discriminatory inaction.

## SECOND CAUSE OF ACTION:

### Disability Discrimination Under RCW 49.60.030(1)(b)

35. Plaintiff Cahill re-alleges all allegations set forth above.

36. Plaintiff Cahill has a disability, a record of a disability, or has been regarded by Defendant FHS as having a disability covered by Washington's Law Against Discrimination.

37. Defendant FHS owns and operates St. Joseph Medical Center in Tacoma, WA, a place of public accommodation.

38. Defendant FHS discriminated against Plaintiff Cahill by denying her equal opportunity to complete her application for, or benefit from, Medical Staff privileges at St. Joseph Medical Center on the basis of her disability.

39.     Plaintiff Cahill has sustained damages as a result of Defendant's unlawful conduct and discriminatory inaction.

### THIRD CAUSE OF ACTION:

### Disability Discrimination Under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq.*

40.     Plaintiff Cahill re-alleges all allegations set forth above.

41.     Plaintiff Cahill has a disability, a record of a disability, or has been regarded by Defendant as having a disability covered by the ADA.

42.     Defendant FHS owns and operates St. Joseph Medical Center in Tacoma, WA, a place of public accommodation.

43.     Defendant FHS discriminated against Plaintiff Cahill by denying her a full and equal opportunity to complete the processing of her application for, or benefit from, Medical Staff privileges at St. Joseph Medical Center on the basis of her disability.

### FOURTH CAUSE OF ACTION:

### Disability Discrimination Under the Rehabilitation Act, 29 U.S.C. § 794(a)

44.     Plaintiff Cahill re-alleges all allegations set forth above.

45.     Plaintiff Cahill has a disability within the meaning of the Rehabilitation Act.

46.     Plaintiff Cahill is licensed, Board Certified, and is otherwise qualified to practice medicine in a hospitalist position in the State of Washington in the specialty of obstetrics/gynecology.

47.     Defendant FHS refused to complete the processing of Plaintiff Cahill's application for Medical Staff privileges with Defendant FHS solely on the basis of her disability, whether her current disability, her record of a disability, and/or Defendant FHS regarding her as disabled.

48.     Defendant FHS receives federal funds.

FIRST AMENDED COMPLAINT

#96281

49.     Plaintiff Cahill has sustained damages as a result of Defendant's unlawful conduct and discriminatory inaction.

## FIFTH CAUSE OF ACTION:

### Tortious Interference With a Business Expectancy

50.     Plaintiff Cahill re-alleges all allegations set forth above.

51.     The contract between Plaintiff Cahill and OB Hospitalist Group was a valid contractual relationship or business expectancy.

52.     Defendant FHS had knowledge of the OB Hospitalist Group Contract and the business relationship between Plaintiff Cahill and OB Hospitalist Group.

53.     Defendant's unlawful conduct and discriminatory inaction in refusing to complete the processing of Plaintiff Cahill's application for Medical Staff privileges with Defendant FHS solely on the basis of her disability, whether her current disability, her record of a disability, and/or Defendant FHS regarding her as disabled, was intentional interference that induced or caused a breach or termination of the OB Hospitalist Contract with Plaintiff Cahill.

54.     Defendant's unlawful conduct and discriminatory inaction were improper means of interfering with the contractual relationship between Plaintiff Cahill and OB Hospitalist Group.

55.     Plaintiff Cahill has sustained damages as a result of Defendant's interference.

## SIXTH CAUSE OF ACTION:

### Violation of the Consumer Protection Act, RCW 19.86 et seq.

56.     Plaintiff Cahill re-alleges all allegations set forth above.

57.     Defendant's unlawful conduct and discriminatory inaction violates RCW 49.60.030(1) and is thus statutorily *per se* "a matter affecting the public interest, is not reasonable in relation to the development and preservation of business, and is an unfair or deceptive act in trade or commerce." RCW 49.60.030(3).

58.     Plaintiff Cahill has sustained damages to her business or property as a direct result of Defendant's unfair trade practice--its unlawful conduct and discriminatory inaction in refusing to complete the processing of Plaintiff Cahill's application for Medical Staff privileges with Defendant FHS solely on the basis of her disability, whether her current disability, her record of a disability, and/or Defendant FHS regarding her as disabled.

## SEVENTH CAUSE OF ACTION:

### Breach of Contract

59.     Plaintiff Cahill re-alleges all allegations set forth above.

60.     The FHS' Credentials Manual of the Medical Staff Bylaws was a contract between Defendant FHS and Plaintiff Cahill that governed the terms and conditions under which Defendant FHS would evaluate her application for Medical Staff privileges.

61.     Defendant FHS materially breached the Contract by reviewing Plaintiff Cahill's qualifications based upon matters not "directly related to quality of care" or "criteria not related to professional or clinical competence," *i.e.* her status as a recovering alcoholic. (Contract, page 5, subsection C).

62.     As a direct and proximate cause of Defendant FHS' breach of contract, Plaintiff Cahill suffered damages, including, but not limited to, loss of wages.

## EIGHTH CAUSE OF ACTION:

### Breach of the Implied Covenant of Good Faith and Fair Dealing

63.     Plaintiff Cahill re-alleges all allegations set forth above.

64.     Defendant FHS violated the implied covenant of good faith and fair dealing that is part of all Washington State contracts by electing to not "complete" Plaintiff Cahill's application for Medical Staff privileges in bad faith and for arbitrary and discriminatory reasons, *i.e.* stereotypes concerning recovering alcoholics in general.

//

//

65.     As a direct and proximate cause of Defendant FHS' breach of the implied covenant of good faith and fair dealing, Plaintiff Cahill suffered damages, including, but not limited to, loss of wages.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully stated her causes of action, Plaintiff prays for judgment as follows:

1.     Loss of income, wages and other compensation;

2.     Damages for emotional distress, mental anguish, loss of reputation and professional standing;

3.     Federal taxes incurred by Plaintiff Cahill as the direct and proximate result of Defendant's illegal conduct;

4.     An Order enjoining Defendant FHS from declining to process Dr. Cahill's application for Medical Staff privileges based on her disability;

5.     All other non-economic damages available under any and all of the available causes of action;

6     Costs and attorneys' fees pursuant to RCW 49.60.030(2), 42 U.S.C. § 12181, *et seq*., the Rehabilitation Act, and the Consumer Protection Act;

7.     All allowable exemplary and punitive damages; and

8.     For such other and further relief as the Court deems just and equitable under the circumstances.

//

//

//

//

//

//

FIRST AMENDED COMPLAINT

#96281

DATED this 29th day of April, 2013

**PHYSICIANS' ADVOCATES**

By: /s/ Matthew A. Brinegar
Charles Bond (admitted pro hac vice)
Matthew A. Brinegar (WSBA No. 42361)
Attorneys for Plaintiff Deborah Cahill, M.D.

**CARNEY BADLEY SPELLMAN, P.S.**

By:_____
Kenneth S. Kagan, WSBA No. 12983
Elizabeth K. Maurer, WSBA No. 21973
Attorneys for Plaintiff Deborah Cahill, M.D.

11

#96281