UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBORAH CAHILL,

             Plaintiff,

  v.

FRANCISCAN HEALTH SYSTEM,

             Defendant.

CASE NO. C12-5829 BHS

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

This matter comes before the Court on Plaintiff Deborah Cahill's ("Dr. Cahill") motion for a preliminary injunction (Dkt. 31). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On July 25, 2012, Cahill filed a complaint in the Pierce County Superior Court for the State of Washington against Defendant Franciscan Health System ("FHS"). Dkt. 1, Exh. A.

On September 14, 2012, FHS removed the matter to this Court. Dkt. 1.

On April 29, 2013, Dr. Cahill filed an amended complaint asserting causes of action for (1) Disability Discrimination Under RCW 49.60.030(1)(a); (2) Disability Discrimination Under RCW 49.60.030(1)(b); (3) Disability Discrimination Under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*; (4) Disability Discrimination Under the Rehabilitation Act, 29 U.S.C. § 794(a); (5) Tortious Interference With a Business Expectancy; (6) Violation of the Consumer Protection Act, RCW 19.86, *et seq.*; (7) Breach of Contract; and (8) Breach of the Implied Covenant of Good Faith and Fair Dealing. Dkt. 24, ¶¶ 31–65. Relevant to the instant motion, Dr. Cahill requests "An Order enjoining Defendant FHS from declining to process Dr. Cahill's application for Medical Staff privileges based on her disability." *Id*. at 10, ¶ 4.

On August 29, 2013, Dr. Cahill filed a motion for preliminary injunction. Dkt. 31. On September 16, 2013, FHS responded. Dkt. 35. On September 20, 2013, Dr. Cahill replied. Dkt. 40.

On September 24, 2013, FHS filed an additional response. Dkt. 42. On September 26, 2013, Dr. Cahill filed a supplement. Dkt. 26. Both of these briefs were improperly filed and are hereby stricken.

## II. FACTUAL BACKGROUND

Although the briefing is extensive, the relevant facts are not complicated. On September 9, 2010, Dr. Cahill applied for privileges with FHS, essentially an application to join the medical staff. Dkt. 32, Exh. F. On October 25, 2010, FHS sent Dr. Cahill a letter stating that, at that time, FHS could not complete her application for staff membership. *Id*., Exh. I. The letter also stated that she could reapply once her contract

with the Washington Physicians Health Program was completed. *Id*. Dr. Cahill entered that contract for reasons related to alcoholism.

FHS's Vice President for Medical Affairs and Associate Chief Medical Officer, Dr. Mike Adams, declares that Dr. Cahill voluntarily withdrew her application after a phone call before FHS sent Dr. Cahill the letter. *See* Dkt. 36. On the other hand, Dr. Cahill declares that she never withdrew her application (*see* Dkt. 33), and FHS's "denial" of her privileges has made it "impossible for [her] to obtain another job or additional privileges . . ." (*Id*. ¶ 18).

## III. DISCUSSION

To obtain injunctive relief, plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent a preliminary injunction; (3) that the balance of equities tips in favor of issuing an injunction; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 19 (2008).

In this case, Dr. Cahill has failed to meet her burden for the issuance of an injunction. First, Dr. Cahill has failed to show that her requested relief is within the power of the Court. Dr. Cahill jumps back and forth between the relief of FHS "finally grant[ing] her Privileges at Medical Center" (Dkt. 31 at 26) to the relief of the Court declaring the entire encounter and application void *ab initio* (Dkt. 34, ¶ 5). While neither of these remedies appears to be within the power of the Court, Dr. Cahill's proposed preliminary injunction order requests that the Court determine that the application process is void. *Id*. Although Dr. Cahill contends that her request "is a well-accepted

type of injunction for this type of discrimination lawsuit," she fails to cite a single authority for the proposition that the Court has the power to issue an injunction essentially stating that the parties shall proceed as if nothing ever happened. At the very least, this is a unique request and Dr. Cahill has failed to show that she is likely to succeed on the merits of this request. On the other hand, it appears more likely that Dr. Cahill is entitled to a judicial determination that FHS discriminated against her.

Second, questions of fact exist on the issue of whether Dr. Cahill voluntarily withdrew her application for privileges. Dr. Cahill declares that she didn't, whereas Dr. Adams declares that she did. It is inappropriate for the Court to determine this issue of fact on this motion when the issue should be determined by a jury.

Third, Dr. Cahill has failed to show irreparable harm. Dr. Cahill has admitted that she received substantial income in 2011 and 2012. Dkt. 37, Exh. E at 3. Although she asserts that she is prohibited from seeking other "lucrative opportunities," such assertions are pure speculation.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Dr. Cahill's motion for a preliminary injunction (Dkt. 31) is **DENIED**.

Dated this 27th day of September, 2013.

BENJAMIN H. SETTLE
United States District Judge