UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH CAHILL,<br><br>    Plaintiff,<br><br>  v.<br><br>FRANCISCAN HEALTH SYSTEM,<br><br>    Defendant. | CASE NO. C12-5829 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTIONS AND DENYING PLAINTIFF'S MOTIONS |

This matter comes before the Court on Defendant Franciscan Health System's ("FHS") motion to compel production (Dkt. 48) and motion to authorize disclosure of substance abuse treatment records (Dkt. 50) and Plaintiff Deborah Cahill's ("Cahill") opposing motion for protective order (Dkt. 62) and motion to quash (Dkt. 58). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants FHS's motions and denies Cahill's motions for the reasons stated herein.

ORDER - 1

# I. PROCEDURAL HISTORY

On November 20, 2013, Cahill filed a second amended complaint against FHS asserting nine causes of action: (1) Disability Discrimination Under RCW 49.60.030(1)(a); (2) Disability Discrimination Under RCW 49.60.030(1)(b); (3) Disability Discrimination Under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et seq.*; (4) Disability Discrimination Under the Rehabilitation Act, 29 U.S.C. § 794(a); (5) Tortious Interference With a Business Expectancy; (6) Violation of the Consumer Protection Act, RCW Chapter 19.86; (7) Breach of Contract; (8) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (9) Intentional and Negligent Infliction of Emotional Distress.  Dkt. 86.  One of Cahill's allegations is that "[a]s a result of FHS' extreme and outrageous conduct, Dr. Cahill suffered from mental distress that caused a stress-induced cardiomyopathy."  *Id*. ¶ 73.

On October 14, 2013, FHS served a subpoena on Swedish Medical Center requesting production of all of Cahill's medical records.  Cahill objected to the request.  On October 21, 2013, FHS filed a motion to compel.  Dkt. 48.  On November 4, 2013, Cahill responded (Dkt. 57) and filed a motion for protective order (Dkt. 62).  On November 8, 2013, FHS replied.  Dkt. 72.  On November 18, FHS responded to Cahill's motion.  Dkt. 76.  On November 22, 2013, Cahill replied.  Dkt. 87.

On October 21, 2013, FHS filed a motion to authorize disclosure of substance-abuse treatment records.  Dkt. 50.  On November 4, 2013, Cahill responded (Dkt. 65) and filed a motion to quash (Dkt. 58).  On November 8, 2013, FHS replied.  Dkt. 70.  On

1  November 18, 2013, FHS responded to Cahill's motion. Dkt. 77. On November 22,
2  2013, Cahill replied. Dkt. 88.

3  **II. DISCUSSION**

4  **A.    Compel**

5        Evidence is relevant if "it has any tendency to make a fact more or less probable
6  than it would be without the evidence . . . ." Fed. R. Evid. 401. Parties may obtain
7  discovery regarding "any nonprivileged matter that is relevant to any party's claim or
8  defense . . . . Relevant information need not be admissible at the trial if the discovery
9  appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.
10 Civ. P. 26 (b)(1).

11       In this case, the parties dispute the scope of relevant information. Cahill contends
12 that some of her medical history is relevant and has offered to produce her medical
13 records from the past five years relating to her heart conditions and mental distress. Dkt.
14 57 at 5. FHS contends that Cahill has opened the door to her medical records by
15 asserting a cause of action for emotional distress based on a stress-induced heart attack
16 and requesting damages for these injuries. Dkt. 48. The Court agrees with FHS.
17 However, the Court will limit the production to medical records from the last ten years
18 from any health care provider that has treated Cahill in the last ten years. This
19 information appears reasonably calculated to lead to admissible information for at least
20 the issue of damages. The parties shall agree to a stipulated protective order so that the
21 information may only be used for the purposes of this litigation. *See* Dkt. 48 at 7.
22

Therefore, the Court grants FHS's motion to compel as stated herein and denies Cahill's motion for a protective order.

**B.     Disclosure**

Substance-abuse treatment records are protected and may be disclosed upon a showing of good cause. 42 U.S.C. § 290dd-2(a) & -2(b)(2)(C).  A court may order disclosure "in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications." 42 C.F.R. § 2.63(a)(3). Moreover, good cause may be based on the fact that "[o]ther ways of obtaining the information are not available or would not be effective . . . ." *Id*. 2.64(d)(1).

In this case, the parties dispute whether FHS has shown good cause for the disclosure of Cahill's substance abuse record. The Court finds that Cahill has put her treatment at issue and FHS has no other way of obtaining relevant information to either verify or counter Cahill's assertions. Cahill's emotional distress claim puts her physical and mental health directly at issue. Moreover, Cahill alleges a current inability to work based on FHS's actions, yet she left at least one prior job because the employer would not accommodate a special schedule based on her treatment requirements. Cahill's allegations relate directly to her confidential treatment communications, and FHS is entitled to an opportunity to review this information in support of its defense. Therefore, the Court grants FHS's motion to authorize disclosure and denies Cahill's motion to quash.

## III. ORDER

Therefore, it is hereby **ORDERED** that FHS'S motion to compel production (Dkt. 48) and motion to authorize disclosure of substance abuse treatment records (Dkt. 50) are **GRANTED** and Cahill's motion for protective order (Dkt. 62) and motion to quash (Dkt. 58) are **DENIED.**

Dated this 16th day of December, 2013.

BENJAMIN H. SETTLE
United States District Judge